T.C. Summary Opinion 2007-106


UNITED STATES TAX COURT


REGINALD JAMES SMITH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8241-06S.          Filed June 25, 2007.


Reginald James Smith, pro se.

<u>Catherine G. Chang</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 2004 Federal income tax of $12,546. Respondent also determined an accuracy-related penalty in accordance with section 6662(a) in the amount of $2,509 for 2004. After concessions,[1] the issues for decision are: (1) Whether a settlement payment received by petitioner is excludable from gross income under section 104(a); and (2) whether petitioner is liable under section 6662(a) for an accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of the filing of the petition, petitioner resided in Oakland, California.

Petitioner worked as a warehouse employee at Onyx Environmental Services (hereinafter Onyx) from April 15, 2002 through November 2002 when he was terminated. On December 16, 2003, petitioner and another individual filed a complaint for

---

[1] Respondent concedes that petitioner is not liable for self-employment tax. Additionally, respondent introduced a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, showing an assessment of tax on July 24, 2006, 2 months after petitioner timely filed a petition with this Court. Respondent was uncertain as to the basis for the assessment. We presume that respondent has abated or will abate the assessment and will make no further assessments until the decision of the Court is final. See sec. 6213(a).

damages for sexual and racial harassment, failure to take reasonable steps to prevent and correct harassment, and retaliation, against Onyx and petitioner's former supervisor in the Superior Court of the State of California, County of Contra Costa.  In his suit against Onyx, petitioner stated a prayer for relief for compensatory damages, mental and emotional distress damages, punitive damages, interest, attorney's fees, and costs of suit incurred.

In September 2004, petitioner reached a settlement agreement with Onyx and petitioner's former supervisor with respect to the suit he filed on December 16, 2003.  Pursuant to the settlement agreement, Onyx paid petitioner $41,651.81 in 2004.  Petitioner timely filed his 2004 Federal income tax return, but he did not report the amount received from the settlement on the return.  Respondent determined that $41,651[2] was includable in petitioner's gross income and issued a notice of deficiency to petitioner on March 13, 2006.

## Discussion

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that these determinations are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

---

[2] The 81-cent difference between the amount paid and listed in the notice of deficiency is presumably due to rounding by respondent.

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to respondent under certain circumstances. Because the facts are not in dispute, we decide this case without regard to the burden of proof.

I.   Taxability of Payment Petitioner Received

A taxpayer's gross income includes all income from whatever source derived unless excluded by a specific provision of the Internal Revenue Code.  Sec. 61(a).  Gross income does not include "the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness".  Sec. 104(a)(2).  To qualify for this exclusion, the taxpayer must demonstrate:  (1) The underlying cause of action giving rise to the recovery is based upon tort or tort type rights; and (2) the damages were received on account of personal physical injuries or physical sickness. Commissioner v. Schleier, 515 U.S. 323, 337 (1995); Allum v. Commissioner, T.C. Memo. 2005-177, affd. 99 AFTR 2d 2007-2527, 2007-1 USTC par 50489 (9th Cir. 2007).  The terms "physical injury" and "physical sickness" do not include emotional distress, except to the extent of damages not in excess of the amount paid for medical care attributable to emotional distress.  Sec. 104(a); see also Prasil v. Commissioner, T.C. Memo. 2003-100.

When damages are received pursuant to a settlement agreement, the nature of the claim that was the actual basis for settlement controls whether such amounts are excludable under section 104(a)(2).  United States v. Burke, 504 U.S. 229, 237 (1992); Prasil v. Commissioner, supra.  The determination of the nature of the claim is a factual inquiry and is generally made by reference to the settlement agreement.  Robinson v. Commissioner, 102 T.C. 116, 126 (1994), affd. in part and revd. in part 70 F.3d 34 (5th Cir. 1995).  If the settlement agreement lacks express language stating what the settlement amount was paid to settle, we look to the intent of the payor, based on all the facts and circumstances of the case, including the complaint that was filed and the details surrounding the litigation.  Knuckles v. Commissioner, 349 F.2d 610, 613 (10th Cir. 1965), affg. T.C. Memo. 1964-33; Allum v. Commissioner, supra.

Here, the settlement agreement provides that Onyx will pay petitioner $41,651.81 in exchange for petitioner's release and discharge of all claims against Onyx.  The settlement agreement does not mention any physical injury or sickness.  It refers generally to "all issues and claims" surrounding petitioner's employment at Onyx, and releases Onyx from "all claims, rights, demands, actions, obligations, and causes of action of any and every kind, known or unknown" by petitioner.

Looking beyond the settlement agreement, we likewise find no indication that Onyx intended the $41,651.81 to compensate petitioner for physical injury. As mentioned supra, the complaint that petitioner filed in State court alleges sexual and racial harassment, failure to take reasonable steps to prevent and correct harassment, and retaliation, and the prayer for relief requests compensatory damages, mental and emotional distress damages, punitive damages, interest, attorney's fees, and costs incurred. The complaint says nothing about physical injury or physical sickness sustained by petitioner. There is nothing in the record linking the settlement proceeds to any physical injury or sickness. Accordingly, respondent's determination on this issue is sustained. Based on our resolution of this issue, we do not address whether the underlying cause of the State court action was based upon tort or tort type rights. See Allum v. Commissioner, supra.

## II. Accuracy-Related Penalty Under Section 6662(a)

Section 6662(a) provides that a taxpayer may be liable for a penalty of 20 percent of the portion of an underpayment of tax attributable to negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Sec. 6662(c). The term "disregard" includes any careless, reckless, or intentional

disregard.  Id.  The Commissioner bears the burden of production with respect to the accuracy-related penalty.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

An exception to the section 6662 penalty applies when the taxpayer demonstrates:  (1) There was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with respect to the underpayment.  Sec. 6664(c).  Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances on a case-by-case basis. See Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs.  "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances, including the experience, knowledge, and education of the taxpayer."  Sec. 1.6664-4(b)(1), Income Tax Regs.  The most important factor is the extent of the taxpayer's effort to assess the proper tax liability. Stubblefield v. Commissioner, supra; sec. 1.6664-4(b)(1), Income Tax Regs.

As discussed above, petitioner worked for Onyx as a warehouse employee, stocking and keeping inventory.  After he was terminated in 2002, petitioner had difficulty finding a new job. Petitioner was evicted from his home and lived in his car for several months because he could not pay the rent and had no other

place to stay.  Petitioner also fell behind on paying bills and student loans.  Although petitioner eventually found a new job, it paid close to minimum wage and provided no health benefits. Petitioner sustained at least one injury from an accident while he was uninsured, and he had to pay the related expenses out of pocket.

The record is unclear as to whether petitioner received the Form 1099-MISC, Miscellaneous Income, issued by Onyx.[3]  Given the circumstances described herein, it seems unlikely that petitioner would have appreciated the significance of the Form 1099-MISC even if he did receive it, even though failure to receive a Form 1099-MISC does not necessarily constitute reasonable cause for failure to report income.  See Goode v. Commissioner, T.C. Memo. 2006-48.

We find that petitioner's termination from employment, his eviction resulting in temporary homelessness, his health issues, and the technical nature of the law as to the exclusion of income under section 104 are factors that weigh in his favor.  Viewing all the facts and circumstances, including the experience, knowledge, and education of the taxpayer, we conclude that petitioner has demonstrated reasonable cause for failing to

---

[3] The parties stipulated that petitioner received the settlement proceeds, and that Onyx issued a Form 1099-MISC, which was submitted as an exhibit.  The record does not state that petitioner actually received the Form 1099-MISC.

report the settlement proceeds as income and that he acted in good faith.  See sec. 6664(c).  Accordingly, he is not liable for the accuracy-related penalty under section 6662(a).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.